# CASES

# THE COURT OF CHANCERY

## OF THE STATE OF NEW-JERSEY

## JULY TERM, 1837.

---

JOHN CASLER v. JOHN I. THOMPSON.

Equity will decree the specific performance of a *parol agreement* for the sale of land, if the purchase money has been paid, possession of the land taken by the purchaser, and improvements made thereon.*

BILL for the specific performance of a parol agreement for the sale of land, and for an injunction to restrain the vendor from proceeding at law to recover possession from the vendee. Upon filing the bill an injunction issued, as prayed for. Hearing upon bill, answer, replication and proofs.

*Vredenburg*, for complainant.

*Hartshorne*, for defendant.

THE CHANCELLOR. The bill charges, that defendant, in eighteen hundred and twenty-five, sold certain premises to complainant for fifty dollars, by verbal agreement; that he put com-

---

* Part performance of a parol agreement for the sale of land, will take the case out of the statute of frauds, and a specific performance will be decreed in equity. What acts amount to a part performance? See 1 *Fonb. Eq.* 182, note *e.;* 2 *Story's Eq.* sec. 760.

[Casler v. Thompson.]

plainant in possession, which he still retains; he paid the consideration and made some improvements on the premises, by building fences and other small improvements.

The defendant refused to give a deed, but brought ejectment for the possession. The complainant prays an injunction, and that defendant be compelled to give deed, &c.

The defendant, in his answer, admits an agreement, and that he, the complainant, went into possession under the agreement; that he still has possession; and it is proved that he paid the consideration, which the defendant offers to restore; but he insists, by way of avoidance, that the agreement was conditional, and that by it he was not bound to give a deed, as the condition had not been complied with; and he denies that he sold the said lot in any other wise except upon said condition.

As this allegation of a condition, set up by the defendant, is not in answer to any charge in the bill, it becomes the defendant to prove it, if he would avail himself of the benefit of it; but as there is no evidence upon the subject of the condition, I lay it aside.

But the defendant, although he admits the sale, yet at the same time denies having sold the lot in any other way than upon said condition.

It is not necessary, in this case, to inquire how far it might be proper to take the admission of the defendant, that he sold the lot, separate from the allegation that the sale was conditional, for the allegation of the complainant in this respect, is sustained by the evidence in the case, without reference to that part of the answer. Robinson swears that he surveyed the lot for the defendant, in August, eighteen hundred and twenty-six, and he understood from both parties, "that it was for the purpose of making a deed for it, to Casler, who had bought; that they both wanted a deed made." The agreement is also proved by Hart and Reid. And it is admitted that he went into possession by the consent of the defendant; that he paid the consideration and improved the property; and retained the undisputed possession for some years.

[Casler v. Thompson.]

And the question now occurs, whether in such case a specific performance should be decreed. I know of no rule to the contrary. Here the part performance is certainly of the identical agreement mentioned in the bill, and that contract is proved.

It has been held, that payment of part of the consideration money, or taking possession and making substantial improvements, will take the case out of the statute of frauds: *Wetmore* v. *White, et. al.,* 2 *C. C. E.* 87. But here all the purchase money is paid, possession taken and held for years, and improvements made.

Let there be a decree for specific performance and judgment to remain, &c.